Matthew M. Levy, J.
Motion by defendant Nachman to stay plaintiff from proceeding with the fourth cause of action and directing plaintiff to proceed by way of arbitration is denied. The exchange of correspondence between the attorneys for the respective parties clearly shows that defendant claimed that the agreement to arbitrate had become academic. Since defendant expressly indicated that he would not abide by the agreement, plaintiff had the choice of accepting the repudiation as an anticipatory breach or of instituting a proceeding to compel arbitration. Plaintiff elected to rely upon defendant’s negation of his obligation and amended her complaint so as to include the cause of action sought to be stayed. Defendant’s present demand that plaintiff proceed by way of arbitration is too belatedly interposed, for it is obvious that defendant did not intend to arbitrate and has waived any right he may have *552 had under the now-repudiated agreement to insist upon arbitration. (See 6 Corbin on Contracts, § 1443.)
That branch of the motion as seeks to vacate or modify plaintiff’s notice to examine defendant before trial is disposed of as follows: Item 1 is limited by consent to the period from January 1, 1951 to September 12, 1957. Items 2, 5, 7a, 7b and 10 are allowed. No objection has been interposed as to items 3, 6, 8 and 9 and they are allowed. Plaintiff is not entitled to examine under item 4 until she establishes her right to an accounting. Item 7c is stricken as too broad and irrelevant. Item 11 is stricken as improper, and I shall not undertake so entirely and drastically to rephrase the matter as tardily suggested in plaintiff’s answering affidavit. Let the examination of defendant proceed accordingly at Special Term, Part II, of this court on February 6, 1958 at 10:30 a.m. All relevant books, records and papers are to be produced for use pursuant to section 296 of the Civil Practice Act.